UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#6

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-01888 PSG | Date | January 20, 2022 |
|---|---|---|---|
| Title | Craig Cunningham v. Michael Montes, Jr., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order Regarding Affidavit of Identity Filed by Assignee of Record and Judgment Creditor James E. Shelton

    Before the Court is the Affidavit of Identity filed by Assignee of Record and Judgment Creditor James E. Shelton, who is appearing pro se.  Dkt. # 6 ("*Aff. of Identity*").  Through the Affidavit of Identity, which includes a memorandum of points and authorities and a proposed order, Shelton moves the Court to find that Judgment Debtor Michael Montes, Jr. ("Montes") is known by additional names not listed on the original judgment and authorize adding those additional names to any writ of execution or abstract of judgment.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having read and considered the moving papers, the Court **GRANTS in part** and **DENIES in part** Shelton's request to authorize the inclusion of additional names by which Montes is known to any writ of execution or abstract of judgment.

I.    <u>Background</u>

    On February 6, 2020, a judgment was entered in the Western District of Wisconsin in favor of Plaintiff Craig Cunningham against Defendants and Judgment Debtors Montes and TollFreeZone.com.  *See Certificate of Judgment*, Dkt. # 1.  On October 21, 2021, the Wisconsin judgment was registered in this Court.  *Id.*  On October 28, 2021, an Acknowledgment of Assignment of Judgment that assigned all title, rights, and interest in the judgment from Cunningham to Shelton was filed.  Dkt. # 2.  On November 12, 2021, Shelton filed the Affidavit of Identity at issue in which he asks the Court to authorize adding additional names by which he asserts Montes is known to any writs of execution or abstracts of judgment.  *See Aff. of Identity*.  On November 15, 2021, two abstracts of judgment that Shelton had submitted were returned to Shelton for correction by the Clerk of Court because the amounts listed on the abstracts of judgment did not coincide with the amounts in the judgment.  *See Notices of Deficiency Writ of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-01888 PSG | Date | January 20, 2022 |
|---|---|---|---|
| Title | Craig Cunningham v. Michael Montes, Jr., et al. | | |

*Execution*, Dkts. # 3–4. Shelton had included the additional names by which he asserts Montes is known on those abstracts of judgment, although the Court had not yet approved the Affidavit of Identity. *See id.*

II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 69(a)(1), California law is applied to enforce this judgment. *See* Fed. R. Civ. P. 69(a)(1) ("The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). Under California law, additional names by which a judgment debtor is known may be added to writs of execution and abstracts of judgment, as set forth in an affidavit of identity, if the Court approves the affidavit of identity. *See* Cal. Code Civ. Proc. §§ 699.510(c)(2), 674(c)(1). Specifically, California Code of Civil Procedure § 699.510(c)(2) provides:

> The writ of execution shall include the additional name or names, and the type of legal entity, by which the judgment debtor is known, as set forth in the affidavit of identity, as defined in Section 680.135, filed by the judgment creditor with the application for issuance of the writ of execution. Prior to the clerk of the court issuing a writ of execution containing any additional name or names by which the judgment debtor is known that are not listed on the judgment, the court shall approve the affidavit of identity. If the court determines, without a hearing or a notice, that the affidavit of identity states sufficient facts upon which the judgment creditor has identified the additional names of the judgment debtor, the court shall authorize the issuance of the writ of execution with the additional name or names.

Cal. Code Civ. Proc. § 699.510(c)(2); *see also id.* § 674(c)(1) (the equivalent provision for adding additional names by which a judgment debtor is known to an abstract of judgment).

Further, California Code of Civil Procedure § 680.135 provides the following requirements and explanation concerning affidavits of identity:

> "Affidavit of Identity" means an affidavit or declaration executed by a judgment creditor, under penalty of perjury, that is filed with the clerk of the court in which the judgment is entered at the time the judgment creditor files for a writ of execution or an abstract of judgment. The affidavit of identity shall set forth the case name and number, the name of the judgment debtor stated in the judgment,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-01888 PSG | Date | January 20, 2022 |
|---|---|---|---|
| Title | Craig Cunningham v. Michael Montes, Jr., et al. | | |

the additional name or names by which the judgment debtor is known, and the facts upon which the judgment creditor has relied in obtaining the judgment debtor's additional name or names. The affidavit of identity shall not include the name or names of persons, including any corporations, partnerships, or any legal entities not separately named in the judgment in which the judgment debtor is a partner, shareholder, or member, other than the judgment debtor.

*Id.* § 680.135. "The affidavit of identity is not a procedure for adding new debtors to the judgment." *Legal Additions LLC v. Kowalksi*, No. C-08-2754 EMC, 2011 WL 2530912, at *1 (N.D. Cal. June 23, 2011) (quoting Cal. Prac. Guide Enf. J. & Debt ¶ 6:329.3).

III.   Discussion

Through the Affidavit of Identity, Shelton moves the Court to find that Montes is known by the following additional names not listed on the original judgment and authorize adding those additional names to any writ of execution or abstract of judgment: Michael James Montes; Michael J. Montes; Michael J. Montes, Jr.; Michael Montes; and Michael J. Montes, Jr. and Amy Montes, Trustees of the Montes Family Revocable 2001 Trust, dated May 17, 2001. *See generally Aff. of Identity*. To start, the Affidavit of Identity is procedurally proper as it was made under penalty of perjury and no writ of execution or abstract of judgment has issued yet. *See* Cal. Code Civ. Proc. § 680.135; *Off. Depot, Inc. v. Zuccarini*, No. C06-MISC-80356SI, 2007 WL 806489, at *1 (N.D. Cal. Mar. 15, 2007) (finding the affidavit of identity untimely where it was submitted nearly 80 days after the writ of execution was issued). For the following reasons, the Court finds that Shelton has established that Montes is known by the additional names that are variations of his name as listed on the original judgment: Michael James Montes; Michael J. Montes; Michael J. Montes, Jr.; and Michael Montes. But Shelton has not established that "Michael J. Montes, Jr. and Amy Montes, Trustees of the Montes Family Revocable 2001 Trust, dated May 17, 2001" is simply another name by which Montes is known.

Shelton asserts that Montes is known by variations of his name that include James as a middle name or the middle initial J because: (i) Michael James Montes is the name listed as president of TollFreeZone.com on a recent statement of information filed with the California Secretary of State; (ii) the San Juan Capistrano address used for Michael James Montes on the TollFreeZone.com statement of information is the same one that Montes stated was his address in a declaration submitted in the Wisconsin case; (iii) Montes testified that his full name is Michael James Montes in a deposition; and (iv) the name listed on the 2003 deed for the San Juan Capistrano property is Michael James Montes. *See Aff. of Identity* ¶¶ 6–9; *Exs. 4–7 to Aff.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-01888 PSG | Date | January 20, 2022 |
|---|---|---|---|
| Title | Craig Cunningham v. Michael Montes, Jr., et al. | | |

*of Identity*. Additionally, Shelton asserts that Montes is know by Michael Montes—without the middle name James, middle initial J, or suffix Jr.—because Montes submitted a declaration in the Wisconsin case just referring to himself as Michael Montes. *See Aff. of Identity* ¶ 7; *Ex. 5 to Aff. of Identity*. Shelton's sworn assertions, which are supported by documentary evidence, sufficiently establish that Montes is known by these additional names, which are variations of his name as listed on the original judgment. *See, e.g., Legal Additions*, 2011 WL 2530912, at *1–2 (finding that sufficient facts exist to justify the inclusion of an additional name of a judgment debtor where the plaintiff stated in a declaration that the additional name was used in correspondence between the plaintiff and defendant and that the name was used to pay for services rendered). Thus, the Court authorizes adding these additional names by which Montes is known to any writ of execution or abstract of judgment in this case.

In contrast, Shelton has not established that "Michael J. Montes, Jr. and Amy Montes, Trustees of the Montes Family Revocable 2001 Trust, dated May 17, 2001" is another name by which Montes is known. Shelton contends that "Michael J. Montes, Jr. and Amy Montes, Trustees of the Montes Family Revocable 2001 Trust, dated May 17, 2001" is merely another name by which Montes is known because Montes transferred title of the San Juan Capistrano property from himself to "Michael J. Montes, Jr. and Amy Montes, Trustees of the Montes Family Revocable 2001 Trust, dated May 17, 2001." *See Aff. of Identity* ¶¶ 10–12, 15–24; *Ex. 8 to Aff. of Identity*. The California statutes that allow additional names by which a judgment debtor is known to be added to writs of execution and abstracts of judgment through an affidavit of identity are meant to address when judgment debtors are known by multiple names, pseudonym, or aliases. *See Legal Additions*, 2011 WL 2530912, at *1 ("[C]ourts in this District have indicated that a 'dba', pseudonym, or alias would all be names by which a judgment debtor is known for purposes of these statutes."); *Peterson v. Islamic Republic of Iran*, No. C 08-80030-MISC JSW, 2008 WL 5046313, at *3 (N.D. Cal. Nov. 24, 2008) ("A literal reading of the California statutes suggests that they are meant to address judgment debtors known by multiple names or aliases, rather than subsidiaries or affiliates of the judgment debtor.") (internal citation omitted). Shelton has not established that "Michael J. Montes, Jr. and Amy Montes, Trustees of the Montes Family Revocable 2001 Trust, dated May 17, 2001" is a pseudonym or alias for Montes. The ability of a judgment creditor to reach the assets of judgment debtor's revocable trust is a separate inquiry from the one before the Court. Shelton has provided no support for his contention that he can use an affidavit of identity to add "Michael J. Montes, Jr. and Amy Montes, Trustees of the Montes Family Revocable 2001 Trust, dated May 17, 2001" as a judgment debtor. Thus, the Court does not authorize adding "Michael J. Montes, Jr. and Amy Montes, Trustees of the Montes Family Revocable 2001 Trust, dated May 17, 2001" to any writ of execution or abstract of judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-01888 PSG | Date | January 20, 2022 |
|---|---|---|---|
| Title | Craig Cunningham v. Michael Montes, Jr., et al. | | |

IV.     Conclusion

For these reasons, the request to authorize the inclusion of additional names by which Judgment Debtor Michael Montes Jr. is known to any writ of execution or abstract of judgment is **GRANTED in part** and **DENIED in part**.  The Court **GRANTS** the request to authorize adding the following additional names by which Montes is known to any writ of execution or abstract of judgment: Michael James Montes; Michael J. Montes; Michael J. Montes, Jr.; and Michael Montes.  The Court **DENIES** the request to authorize adding "Michael J. Montes, Jr. and Amy Montes, Trustees of the Montes Family Revocable 2001 Trust, dated May 17, 2001" to any writ of execution or abstract of judgment.

**IT IS SO ORDERED.**