CLERK, U.S. DISTRICT COURT

**12/09/2022**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ hc _____ DEPUTY

'James E. Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
jamie@finalverdictsolutions.com
(484) 312-3300

Judgment Creditor, In Pro Per

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CUNNINGHAM | CASE NO. 8:21-cv-01888-PSG |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR ASSIGNMENT ORDER OF RENTAL INCOME; SUPPORTING DECLARATION OF JAMES E. SHELTON; PROPOSED ORDER.** |
| v. | |
| MICHAEL MONTES JR., et. al | |
| Defendants | **(C.C.P. § 710.510, et. seq.)** |

**TO:     JUDGMENT DEBTORS MICHAEL MONTES JR. & TOLLFREEZONE.COM, INC., NON-DEBTOR SPOUSE, AMY MONTES, and THIRD-PARTY, HOMEAWAY.COM, INC., d/b/a VRBO**

PLEASE TAKE NOTICE that on January 27, 2023 at 1:30 PM in the U.S. District Court for the Central District of California, located at the First Street Courthouse, 350 West 1st Street, Courtroom 6A, 6th Floor, Los Angeles, California 90012-4565 or as soon thereafter as this matter may be heard, Judgment Creditor James E. Shelton, In Pro Per, will move the Honorable Philip S. Gutierrez, Chief United States District Judge, for an order assigning all rental income produced by Judgment Debtor's real property located at 26961 Via La Mirada, San Juan Capistrano, CA 92675 to Judgment Creditor to the extent necessary to satisfy the judgment.

br

The motion will be based on this notice, *California Code of Civil Procedure* Sec. 710.510 et. seq and applicable caselaw, the Declaration with exhibits submitted concurrently herewith, the Memorandum of Points and Authorities submitted herewith, the papers and the records on file herein, and on such further evidence as may be presented at the hearing on the motion.

## L.R. 7-3 CONFERRAL STATEMENT

This motion is made following Judgment Creditor's good-faith attempts to meet and confer with Judgment Debtor. On November 23, 2022 at 1:54 PM, Mr. Shelton e-mailed the Judgment Debtor, in pro per, Michael Montes Jr., who has not appeared in this action via counsel (email address: mike@mikemontes.com). The e-mail to Mr. Montes was not returned as undeliverable. Also, on November 23, 2022 at 2:01 PM, Mr. Shelton called Mr. Montes on his cell phone at 949-683-0498. Mr. Shelton spoke to Mr. Montes regarding the assignment order motion. Mr. Montes was not willing to pay the judgment or otherwise cooperate with resolving this matter. Mr. Montes was unwilling to engage in a substantive meet and confer regarding the merits of Mr. Shelton's Motion for Assignment Order. Creditor now files the instant Motion for Assignment Order.

Dated: December 8, 2022

James E. Shelton

James E. Shelton

Assignee of Record, In Pro Per

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.  STATEMENT OF FACTS

On February 7, 2020, Judgment was entered in favor of Plaintiff/Original Judgment Creditor Craig Cunningham ("Cunningham") and against Defendants/Judgment Debtors Michael Montes Jr. and Tollfreezone.com, Inc., jointly and severally, in the amount of $31,500.00 (the "Judgment") in the United States District Court for the Western District of Wisconsin, Case No. 3:16-cv-00761-jdp (the "Wisconsin Action"). *See Exhibit "1"*, Declaration of James E. Shelton, ¶1.  On October 22, 2021, Cunningham registered the Judgment in this Court pursuant to 28 U.S.C. §1963. *Id.* at ¶2. By virtue of this registration, pursuant to §1963, the Judgment has the same effect as a judgment of the Central District of California and may be enforced in like manner. *See* ECF No. 1. The total principal and costs, together with post-judgment interest as provided by 28 U.S.C. § 1961, is still outstanding.

On October 28, 2021, an Acknowledgement of Assignment of Judgment was filed, in which Cunningham irrevocably transferred and assigned all rights, title, and interest in the Judgment, together with interest and costs, to the undersigned Assignee of Record, James E. Shelton, pursuant to C.C.P. § 673. *See* ECF No. 2, a true and correct copy of the *Acknowledgment of Assignment of Judgment* filed on October 28, 2021 and entered November 2, 2021. *Shelton Decl.* at ¶3.

The Judgment as of the day of this pleading remains unsatisfied, the outstanding balance (with interest and costs[1]) being **$36,630.42.** To date, Debtor has made no voluntary payments towards satisfaction of the Judgment. *Shelton Decl.* at ¶4.

### Debtor's Spouse is Amy Montes

In the Wisconsin Action, Mr. Montes gave sworn deposition testimony on January 14, 2019. Montes testified his date of birth is 5/14/1968. *See* Deposition of Michael J. Montes, Case No. 3:16-cv-00761-jdp, Document #:120-2, Page 4 of 137, ¶9-10 (true and correct relevant transcript portion reproduced here as ***Exhibit "2",*** see *Shelton Decl. ¶*5). Mr. Montes also testified

---

[1] *See* Text Only Order entered by U.S. District Judge James D. Peterson on April 27, 2020, Case No. 3:16-cv-00761-jdp, ECF No. 215 (awarding plaintiff costs in the amount of $3,771.57).

1  that he lives with his wife at 135 Riverview Road, Fort Myers, Florida 33905. *See* Exhibit 2, Page

2  4 of 137, ¶11-17. Mr. Montes testified that his wife's name is Amy Montes. See Exhibit "2", Pg.

3  19 of 137, ¶12-18.  Under direct examination at trial, Mr. Montes testified "*I got married at 23.*

4  *We have a beautiful daughter who is married now and 27.*"  *See Exhibit "3",* at 2-3, ¶10-11, a true

5  and correct copy of the relevant trial transcript from the Wisconsin Action dated June 11, 2019 (on

6  PACER as ECF No. 204 in Case No. No. 3:16-cv-00761-jdp. See Shelton Decl. ¶6). This means

7  Mr. Montes has been married to Amy Montes for over thirty (30) years, approximately from 1991

8  to the present.

9

10        The debt giving rise to the judgment is based on violations of the Telephone Consumer

11  Protection Act of 1991 ("TCPA"), 47 U.S.C. 227 et. seq. The TCPA prohibits placing automated

12  telephone calls without consent, see 47 U.S.C. § 227(b)(1)(A). Plaintiff Cunningham's First

13  Amended Complaint in the Wisconsin Action sought damages under the TCPA against

14  Defendants. Plaintiff alleged "*Beginning during or about 2015 and continuing through 2018,*

15  *Defendants placed a high volume of automated telemarketing telephone calls to Plaintiff's cellular*

16  *telephones." See Exhibit "4"*, a true and correct copy of Plaintiff' First Amended Complaint at

17  ¶15 (filed November 28, 2018 in the Wisconsin Action, ECF No. 117 in Case No. 3:16-cv-00761-

18  jdp). Shelton Decl. ¶8.

19        **Debtor and His Spouse Own Rental Real Estate in San Juan Capistrano, California**

20        Judgment Creditor has knowledge that Debtor and Debtor's spouse own a property at

21  26961 Via La Mirada, San Juan Capistrano, CA 92675. Shelton Decl. ¶9. Debtor's San Juan

22  Capistrano Property address was mentioned numerous times in the Wisconsin Action. On July 5,

23  2017 in the Wisconsin Action, Michael Montes submitted a declaration under penalty of perjury in

24  which he disclosed his address of 26961 Via La Mirada, San Juan Capistrano, CA 92675. *See*

25  *Exhibit "5"*, ¶3, a true and correct copy of said declaration filed in the Wisconsin Action (Case

26  No. 3:16-cv-00761-jdp). Several of Montes' businesses were "set up for" the San Juan Capistrano

27  address. *Id. at* ¶7. See also *Exhibit "6"*, Opinion & Order entered on July 18, 2017 by U.S.

28  District Judge James D. Peterson in the Wisconsin Action, (Case No. 3:16-cv-00761-jdp),

---

referencing *Exhibit "5"*, ¶7.  *Shelton Decl.* ¶10. Circuit Judge Frank Easterbrook of the Seventh Circuit Court of Appeals referenced the address in a ruling vacating a prior default judgment in the amount of $176,450 issued by the Western District of Wisconsin against Montes. *See Cunningham v. Montes,* 883 F.3d 688, 7th Cir. 2018 (opinion reproduced here as *Exhibit "7"*). *Shelton Decl.* ¶11. Judge Easterbrook's opinion began with: "*Michael Montes owns two houses, one in California and the other in Wisconsin*". *Id*. at 1. The Seventh Circuit also noted that "*listings on the Internet show that the California house is available for rent by the week.*" *Id*. at 3.  Also, U.S. District Judge James D. Peterson issued an Opinion and Order on May 25, 2018, stating "*Cunningham also had reason to believe that Montes had a residence at 26961 Via La Mirada, San Juan Capistrano, California*". *See* Case No. 3:16-cv-00761-jdp, Dkt. No. 109 at pg. 2 (opinion reproduced as *Exhibit "8"*). *Shelton Decl.* ¶12. Because the prior default judgment was vacated due to an issue with service of process, the Wisconsin Action proceeded on the merits. After a jury trial in June, 2019, Plaintiff prevailed and obtained a final judgment on February 7, 2020. *Id.* Montes did not appeal.

On February 7, 2022, Creditor sought and obtained a Writ of Execution. On February 23, 2022, a Notice of Levy and Writ of Execution was served to Homeaway.com, Inc. d/b/a VRBO.com's Agent for Service: National Registered Agents, Inc., 330 N. Brand Blvd Ste 700, Glendale, CA 91203. *See* ECF No. 16, filed 3/10/2022. This means that Homeaway.com, Inc. is already under the jurisdiction of this Court. As of the date of this filing, no funds have been paid towards satisfaction of the judgment from this levy or by Debtor(s).

**Montes' Ownership of the San Juan Capistrano Property**

Montes has owned the San Juan Capistrano Property since May 28, 2003. Attached, as *Exhibit "9"* is a true and correct copy of a *Grant Deed* recorded in the Official Records of Orange County (Document No. 2003000619538) showing that as of May 28, 2003, the judgment debtor held title to the property located at 26961 Via La Mirada, San Juan Capistrano, CA 92675 (APN: 675-142-06)(hereinafter "the San Juan Capistrano Property"), in the name "MICHAEL JAMES MONTES". Then on May 10, 2005, Debtor Michael James Montes executed a *Grant Deed*

changing title for said real property into the name of his revocable trust now holding title as "MICHAEL J. MONTES, JR. AND AMY MONTES, TRUSTEES OF THE MONTES FAMILY REVOCABLE 2001 TRUST, DATED MAY 17, 2001". See *Exhibit "10"*, a true and correct copy of the *Grant Deed* recorded on May 17, 2005 in the Official Records of Orange County, Document No. 2005000377906. This *Grant Deed* indicates no Documentary Transfer Tax was paid, stating "No Consideration – Transfer Into Trust". No changes in title have occurred since May 17, 2005 when Mr. Montes transferred said property into the name of his revocable trust. Shelton Decl. ¶15.

**Post-Judgment Discovery Reveals VRBO Accounts for the San Juan Capistrano Property**

Creditor has learned that since as early as March 20, 2015, the San Juan Capistrano Property has been listed for rent on a popular website for vacation rentals, www.VRBO.com, which is also known as "Vacation Rental By Owner ("VRBO"). The San Juan Capistrano Property is listed on at least two (2) publicly-accessible internet websites as a vacation rental property. Attached as *Exhibit "11"* is a true and correct screenshot from http://www.ocbeachlease.com/contact.html (accessed: December , 2022), which states that the hosts, Michael and Amy Montes, are currently renting out the San Juan Capistrano property, and provides Michael's contact information as the property owner (Phone Number: 949.683.0498 and email address: Mike@MikeMontes.com, and Amy's phone number (714-336-9056) and e-mail address: Amy@AmyMontes.com. This website also includes a link to the property's listing on VRBO.com. See: https://www.vrbo.com/2869600?noDates=true&unitId=3441637. The San Juan Capistrano property is currently listed for rent on VRBO.com for $799.00 average/night. *See Exhibit "12"*, a true and correct screenshot from VRBO.com showing this property is listed online for vacation rental. *Shelton Decl.* ¶17.

Homeaway.com, Inc. is the owner of www.VRBO.com, does business as VRBO, is a subsidiary of Expedia, Inc. (hereinafter "VRBO"). *Shelton Decl.* ¶18. On October 4, 2022, VRBO produced its account records for the San Juan Capistrano Property pursuant to a subpoena. Shelton Decl. ¶22 According to VRBO's account records, there are two (2) VRBO accounts associated

with the San Juan Capistrano Property. One such account is no longer published online for rent and is described as follows:

> Owner: Amy Montes / Michael Montes
> Owner Email: michaeljamesmontes@gmail.com
> Owner Phone: 949-683-0498
> Listing ID: Vrbo 693213
> Listing Address: 26961 Via La Mirada, San Juan Capistrano, CA 92675
> Listing First Live: Mar 20, 2015
> Status: Hidden

There is also a second VRBO account which is described as follows:

> LISTING 2869600
> Owner: Amy Montes
> Owner Email: amy@haciendares.com
> Owner Phone: 7143369056
> Listing ID: Vrbo 2869600
> Listing Address: 26961 Via La Mirada, San Juan Capistrano, CA 92675
> Listing First Live: Jun 22, 2022
> Status: ENABLED

*See Exhibit "13"*, a true and correct copy of the "profile/contact information" produced by VRBO in response to a subpoena by Creditor. *Shelton Decl.* ¶22. Also, for the "Account Holder" information produced by VRBO for Listing 2869600, Debtor's e-mail address (mike@mikemontes.com) and phone number (949-683-0498) are listed on the VRBO account's contact information records for the host.

In response to Creditor's subpoena, VRBO also produced Microsoft Excel spreadsheets containing account records for both VRBO accounts associated with the San Juan Capistrano Property for the calendar year 2022. Between July 23, 2022 and September 11, 2022, VRBO Listing 2869600 (in the name of Amy Montes) generated total payments of $17,909.11 from VRBO.com. *See Exhibit "14"*, a true and correct Excel spreadsheet produced by VRBO on October 4, 2022 showing the payment records for VRBO Listing 2869600 (in the name of Amy Montes). *Shelton Decl.* ¶24. And just in the calendar year 2022 alone, VRBO Listing 693213 (in the names of Michael and Amy Montes) generated total payments, net of service fees and payment processing fees, of $38,149.13. *See Exhibit "15"*, a true and correct Excel spreadsheet produced by VRBO on October 4, 2022 showing the payment records for VRBO Listing 693213. These

amounts, if collected, would have been more than sufficient to satisfy the judgment in a short amount of time. *Shelton Decl. ¶24-26*. ***Exhibit "16"*** is a true and correct copy of a letter sent via e-mail by VRBO to Mr. Shelton via e-mail on October 4, 2022 in response to a subpoena. *Shelton Decl. ¶27*.

Under law, Creditor may apply for an order requiring assignment of this income stream to the Creditor, to apply towards satisfaction of the judgment herein.  Based on the foregoing facts, Creditor hereby applies for such an order.

## POINTS AND AUTHORITIES

Fed. R. Civ. P. 69(a)(1) governs execution on money judgments, and states:

(1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—**must accord with the procedure of the state where the court is located**, but a federal statute governs to the extent it applies.

## B. STATEMENT OF LAW AND ARGUMENT

I.   COMMUNITY PROPERTY ASSETS ARE LIABLE FOR DEBTS OF THE SPOUSE.

Debtor Michael Montes has been married to Amy Montes since 1991. *Id.* Debtor and his spouse own the San Juan Capistrano property in the name of their revocable trust. Pursuant to Family Code § 910(a), Creditor seeks to collect from the community assets to satisfy this judgment. Community property is subject to enforcement of a money judgment as provided in the Family Code. *See* California Code of Civil Procedure § 695.020(a).

**California Family Code §760 provides as follows:**

" Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."

**California Family Code §910(a) provides as follows:**

"Except as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt."

**California Probate Code §18200 provides as follows:**

If the settlor retains the power to revoke the trust in whole or in part, the trust property is subject to the claims of creditors of the settlor to the extent of the power of revocation during the lifetime of the settlor.

Therefore, the rental income generated by Montes and his spouse's San Juan Capistrano Property, held in the name of his revocable living trust, may be properly subject to the claims of Creditors, including Mr. Shelton's money judgment. No prior assignment orders exist.

II.     INCOME STREAMS DESCRIBED HEREIN ARE SUBJECT TO ASSIGNMENT ORDER UNDER CAL. CODE. CIV. PROC. §708.510 et seq.

C.C.P. Section 708.510 reads in pertinent part as follows:

"708.510.  (a)  Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor or to a receiver appointed pursuant to Article 7 (commencing with Section 708.610) all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments:
(1) Wages due from the federal government that are not subject to
 withholding under an earnings withholding order.
**(2) Rents.**
(3) Commissions.
(4) Royalties.
(5) Payments due from a patent or copyright.
(6) Insurance policy loan value.
   (b) The notice of the motion shall be served on the judgment debtor. Service shall be made personally or by mail."

As described above, Creditor has learned that the judgment debtor's spouse, Amy Montes, against whom an assignment order is sought, obtains income through her account with VRBO.Com by renting out the San Juan Capistrano Property. See *Declaration of Judgment Creditor James E. Shelton*, ¶9. *See* also ***Exhibits* "10-14"** described above. After Creditor's enforcement actions began full steam ahead in 2022, the Debtor Mr. Montes and his wife caused their joint VRBO account, Listing 693213 to be "Hidden". See ***Exhibit "11"***. They proceeded to open another VRBO account, Listing 2869600, but this time only in the name of Debtor's spouse,

Amy Montes (joint owner of the property). However, Mr. Montes' e-mail address and personal cell phone number are still listed on Amy's new VRBO account. Creditor now requests the Court to order that the payments flowing from VRBO to the Judgment Debtor and/or the Judgment Debtor's spouse, Amy Montes, be assigned to Creditor in order to effectuate an orderly and swift recovery to this outstanding judgment.

The judgment debtor's spouse's net rental income from VRBO falls under C.C.P. Section 708.510(a)(2), and may be reached by an assignment order. VRBO is a platform that individuals may utilize to rent out vacation properties for shorter intervals than a traditional, long-term lease. Whether or not the Debtor and/or Debtor's spouse receive the rental income directly from tenants or through a third-party platform such as VRBO or AirBnb, the net revenues payable to Debtor and/or Debtor's spouse are still subject to assignment order. Section 708.510 expressly states that the list is merely illustrative, and not exhaustive. 708.510 (in pertinent part) provides for assignment of:

> "…<u>all or part of a right to payment</u> due or to become due, whether or not the right is conditioned on future developments, <u>including but not limited to the following types</u> of payments…" (Emphasis added).

> "…<u>all or part of a right to payment</u> due or to become due, whether or not the right is conditioned on future developments, <u>including but not limited to the following types</u> of payments…" (Emphasis added).

C.C.P. § 708.510 is an extremely broad statute, which provides for assignment of essentially any non-exempt payments, which are due, or which may become due in the future. (<u>See also Ahart Cal. Practice Guide: Enforcing Judgments and Debts</u> §§6:1422 "If a judgment debtor has a right to any future payment, a Court may order assignment of all or part of such a right to payment to the judgment creditor." See also <u>Ahart, §§6:1423</u>, (Creditor can seek assignment of accounts receivable, general intangibles, judgments and instruments…) [Accounts receivables are defined in <u>Cal. Commercial Code §9102(a)(2)(i)(ii)</u> as "a right to payment of a monetary obligation, whether or not earned by performance, for property that has been sold, leased, assigned or otherwise disposed of, <u>for services rendered…</u>" )] (emphasis added).

**Creditor is entitled to Assignment Order and requires general assignment order, and order for delivery of funds flowing from assigned payment rights.**

*Assignment of future, and/or nonascertained payment rights.*

Creditor is entitled to assignment of any income streams to Debtor and/or Debtor's spouse which Creditor may discover in the future, and which are now not ascertained. As stated above, §708.510 is sufficiently broad so as to cover any income streams (to the extent such income streams are not exempt) and is further sufficiently broad as to cover payments "which are contingent upon future events" – in other words, payment rights which may not have vested yet, or payment rights which have not yet been discovered, may be covered by assignment order.

Such an order is not only consistent with the spirit of §708.510 (very broad) but it just makes sense, because it alleviates the need to file new motions, which motions can calendar two (2) months out sometimes, every time a new stream of income is discovered.

Furthermore, time can be of the essence when an income stream or potential income stream is discovered (e.g. new rental incomes from a different platform such as AirBnb, for example) and the necessity of calendaring a noticed motion to enforce against each income stream as it is ascertained will not only result in needless expenditure of resources of both the parties and the Court, but may also severely prejudice collection efforts, since payments sought to be assigned may have already been disbursed to the debtor by the time the hearing/ruling on an assignment order motion comes around.

Lastly, in this particular case…

***Creditor is entitled to and requires order compelling delivery of assigned funds directly from Homeaway.com, Inc. d/b/a VRBO***

As the proposed order lodged herewith outlines, Creditor seeks an order compelling Homeaway.com, Inc. d/b/a VRBO to turn over all net funds payable to Debtor and/or Debtor's spouse (to the extent necessary to satisfy the judgment, net of all VRBO fees and commissions) to

Creditor. The Judgment Debtor has refused to pay the judgment, and Creditor believes it is very likely that he will continue to ignore the Court's orders. A large and reputable company such as VRBO, however, will likely comply with an order of this Court without incident. This will allow Creditor to collect his judgment without the Debtor's cooperation.

Cal. Code Civ. Proc. Section 187 states as follows:

"When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

C.C.P. Section 187 has been used for extremely broad purposes- for example, there is no statutory authority for post-judgment veil piercing or addition of successor entities to a judgment, but these tasks are routinely accomplished by C.C.P. § 187. If the Debtor and/or Debtor's spouse is/are allowed to receive the funds first, it is likely, if not extremely probably, that he/she/they will choose not to pay them to Creditor in defiance of the Court's instructions. This would likely result in more motion practice (motions for sanctions and/or contempt for failure to cooperate). There is an easier and more expeditious way to avoid this. An order requiring VRBO (a large and reputable corporation, owned by Expedia) to withhold payment of the assigned funds to Debtor and/or Debtor's spouse, and to instead pay these funds directly to Creditor, is very reasonable, and necessary to ensure the assignment order is complied with, and Creditor therefore applies for such an order.

WHEREFORE, Assignee of Record and Judgment Creditor, James E. Shelton, In Pro Per, hereby request that the Court approve the attached proposed order, and grant all further relief as the Court deems just and appropriate under the circumstances.

1         I, James E. Shelton, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2

3    Signed this 8th day of December, 2022 at <u>King of Prussia, Pennsylvania</u>.

4

5

6

7                                  James E. Shelton
                         Assignee of Record and Judgment Creditor

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28