UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

| Case No. | SACV21-01888 PSG | Date | January 23, 2023 |
|---|---|---|---|
| Title | Craig Cunningham v. Michael Montes, Jr., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING IN PART and DENYING IN PART Motion for Assignment Order of Rental Income filed by Judgment Creditor and Assignee of Record James E. Shelton

Before the Court is the Motion for Assignment Order of Rental Income filed by Judgment Creditor and Assignee of Record James E. Shelton ("Assignee of Record"), who is appearing pro se. Dkt. # 17 ("*Mot.*"). No opposition has been filed. The Court finds the matter appropriate for decision without oral argument and vacates the hearing scheduled for January 27, 2023. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having read and considered the moving papers, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

I.   Background

On February 6, 2020, a judgment in the amount of $31,500 was entered in the Western District of Wisconsin (the "Wisconsin Action") in favor of Plaintiff Craig Cunningham against Defendants and Judgment Debtors Michael Montes, Jr. ("Judgment Debtor") and TollFreeZone.com. *See Certificate of Judgment*, Dkt. # 1. Plaintiff was also awarded costs in the amount of $3,771.57. *Certified Docket Sheet,* Dkt. # 11. On October 21, 2021, the Wisconsin Action judgment was registered in this Court pursuant to 28 U.S.C. § 1963. *Certificate of Judgment*, Dkt. # 1. On October 28, 2021, an Acknowledgment of Assignment of Judgment that assigned all title, rights, and interest in the judgment from Plaintiff to Assignee of Record was filed. Dkt. # 2. Given the interest that has accrued and that no payments have been made, the total outstanding judgment is $36,630.42. *Declaration of James E. Shelton*, Dkt. # 17-10 ("*Shelton Decl.*"), ¶ 4.

As part of his collection efforts, Assignee of Record brings the instant motion seeking an order assigning rental income generated by real property located at 26961 Via La Mirada, San

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-01888 PSG | Date | January 23, 2023 |
|---|---|---|---|
| Title | Craig Cunningham v. Michael Montes, Jr., et al. | | |

Juan Capistrano, California ("Subject Property"). *See generally Mot.* In support of the motion, Assignee of Record presents evidence as to the identity of Judgment Debtor's spouse, ownership of the Subject Property, and the Subject Property's rental history. First, in support of the assertion that Amy Montes is Judgment Debtor's spouse and has been for many years, Assignee of Record submits a declaration and testimony provided at a deposition and trial in the Wisconsin Action in which Judgment Debtor stated that he was born in 1968, got married when he was 23 years old, and his wife's name is Amy. *See* Dkts. # 17-1, 17-2, 17-4; *see also* Dkt. # 17-5 (Order in the Wisconsin Action), 2 (referring to Amy Montes as Judgment Debtor's wife).

Second, regarding the ownership of the Subject Property, Judgment Debtor presents two grant deeds for the Subject Property—one that was issued in 2003 and shows the property was granted to Judgment Debtor, and one that was issued in 2005 and shows Judgment Debtor granted the Subject Property to "Michael J. Montes, Jr. and Amy Montes, Trustees of the Judgment Debtor Family Revocable 2001 Trust, dated May 17, 2001" for no consideration. *See* Dkts. # 19-1, 19-2. Assignee of Record asserts no changes in the title of the Subject Property have occurred since then based on a review of public records. *Shelton Decl.* ¶ 15. Also, in the Wisconsin Action, Judgment Debtor submitted a declaration in 2017 in which he stated that the Subject Property is where he lived and it was the principal place of business for several of his businesses. Dkt. # 17-4. The proofs of service for the instant motion submitted by Assignee of Record provide a Florida address for Judgment Debtor and Amy Montes. Dkts. # 18, 20.

Third, as to the rental history of the Subject Property, Assignee of Record submits screenshots and printouts of rental websites and documents received in response to a subpoena. Assignee of Record submits a screenshot from www.ocbeachlease.com that lists the Subject Property as available for rent, Judgment Debtor's and Amy Montes's names and contact information, and a link to a www.vrbo.com webpage. Dkt. # 17-11; *Shelton Decl.* ¶ 16. The website www.vrbo.com is a vacation rental website that allows a property owner to post a vacation rental property online and rent out the property to third parties for short-term stays. *Shelton Decl.* ¶ 20. The website is operated by HomeAway.com, Inc. d/b/a Vacation Rental by Owner ("VRBO"). *Id.* ¶ 18. Assignee of Record submits a printout of the Subject Property's listing on the VRBO website in which Amy Montes is listed as the property host. Dkt. # 17-12; *Shelton Decl.* ¶ 16. Additionally, Assignee of Record has submitted documents he received in response to a subpoena served on VRBO. *Shelton Decl.* ¶ 21. Assignee of Record submits VRBO profile information for the Subject Property that indicates the Subject Property has been listed for rent under two profiles. Dkt. # 17-13. One profile lists Judgment Debtor and Amy Montes as the owners and was activated in 2015 but is now "hidden." *Id.* The other profile lists only Amy Montes as the owner and was activated in June 2022 and is still enabled. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-01888 PSG | Date | January 23, 2023 |
|---|---|---|---|
| Title | Craig Cunningham v. Michael Montes, Jr., et al. | | |

Assignee of Record also provides two spreadsheets from VRBO of payments generated from rental of the Subject Property that total $38,149.13. Dkts. # 17-14, 17-15; *Shelton Decl.* ¶ 23.

Assignee of Record served Judgment Debtor, Amy Montes, and VRBO with the motion by mail. *See Proofs of Service*, Dkts. # 18, 20. Additionally, Assignee of Record states that he spoke with Judgment Debtor on the phone regarding the motion in an attempt to satisfy the meet and confer requirements of Local Rule 7-3 but Judgment Debtor was not willing to discuss a resolution of the motion. *Shelton Decl.* ¶ 29. Judgment Debtor has not filed a response to the motion or otherwise appeared in this case.

II.     Legal Standard

Money judgments entered in federal court are enforceable through "the procedure of the state where the court is located" unless there is an applicable federal statute. *See* Fed. R. Civ. P. 69(a)(1). Under California law, "upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to . . . rents." Cal. Civ. Proc. Code § 708.510(a)(2). "A motion for assignment of rights need only be noticed to the judgment debtor and such notice must be by mail or in person." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, No. 814CV01664JVSDFM, 2022 WL 17371076, at *1 (C.D. Cal. Mar. 17, 2022) (citing Cal. Civ. Proc. Code § 708.510(b)). In determining whether to order an assignment, the court may consider "all relevant factors," including:

> (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor.
> (2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.
> (3) The amount remaining due on the money judgment.
> (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

Cal. Civ. Proc. Code § 708.510(c).

Although the judgment creditor need not provide "detailed evidentiary support," the sources of the right to payment must be described with sufficient detail so that a judgment debtor may file a claim of exemption or other opposition. *Linley Invs. v. Jamgotchian*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-01888 PSG | Date | January 23, 2023 |
|---|---|---|---|
| Title | Craig Cunningham v. Michael Montes, Jr., et al. | | |

211CV00724JAKAFMX, 2019 WL 1429507, at *3 (C.D. Cal. Feb. 25, 2019), *report and recommendation adopted*, No. 211CV00724JAKAFMX, 2019 WL 1772432 (C.D. Cal. Apr. 22, 2019). The language of § 708.510(a) "suggests some degree of concreteness to the expected payment is required." *Id.* (quoting *Legal Additions LLC v. Kowalksi*, No. C-08-2754 EMC, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011)). However, the expected payment can be "conditioned on future developments." Cal. Civ. P. Code § 708.510(a); *Greenbaum v. Islamic Republic of Iran*, 782 F. Supp. 2d 893, 896 (C.D. Cal. 2008) ("[A]n assignment order can be based on contingent rights.").

III.  Discussion

Assignee of Record seeks an order assigning all rental income generated by the Subject Property through VRBO that would otherwise be received by Judgment Debtor or Amy Montes to Assignee of Record to the extent necessary to satisfy the judgment. *See generally Mot.* Assignee of Record specifically seeks an order that directs VRBO to pay any funds owed to Judgment Debtor or Amy Montes directly to Assignee of Record. *Id.* At 11:24–12:21. Additionally, Assignee of Record appears to seek assignment of any and all income streams owed to Judgment Debtor and Amy Montes that Assignee of Record may discover in the future. *Id.* at 11:1–22. Assignee of Record has established that an assignment of Judgment Debtor's right to rental income generated by the Subject Property through VRBO is appropriate but has failed to establish grounds for assignment of Amy Montes's right to rental income or issuance of a general, all-encompassing assignment order.

  A.  Judgment Debtor's Right to Rental Income

Assignee of Record has established that assignment of Judgment Debtor's right to rental income generated by the Subject Property through VRBO is appropriate for several reasons. To start, Judgment Debtor's failure to oppose the motion weighs in favor of granting the motion. Assignee of Record properly served Judgment Debtor with the motion by mail. *See Trendsettah USA*, 2022 WL 17371076, at *1. Thus, Judgment Debtor's failure to respond to the motion can be deemed consent to granting the motion under Local Rule 7-12. *See* L.R. 7-12. Further, because no opposition has been filed, there is no basis to find that any of the factors that weigh against assignment, such as Judgment Debtor's obligations to support himself or others, exist. *See, e.g., Tanedo v. E. Baton Rouge Par. Sch. Bd.*, No. SACV1001172JAKMLGX, 2014 WL 12642003, at *3 (C.D. Cal. Apr. 1, 2014).

Next, Assignee of Record has presented sufficient evidentiary support for the assignment as he has provided documentation that identifies the Subject Property and demonstrates that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-01888 PSG | Date | January 23, 2023 |
|---|---|---|---|
| Title | Craig Cunningham v. Michael Montes, Jr., et al. | | |

Subject Property is held by the Montes Trust, the Subject Property has been listed for rent on the VRBO website, Judgment Debtor is listed as the owner of the account in one of the VRBO profiles for the Subject Property (although that profile is now "hidden"), and rental income has been generated by the Subject Property through VRBO in the past. This evidentiary support amounts to a sufficient degree of concreteness of the expected future rental income to be assigned. *See Linley Invs.*, 2019 WL 1429507, at *3; *Innovation Ventures, LLC v. N2G Distrib., Inc.*, No. SACV 12-717 ABC (EX), 2014 WL 10384606, at *5 (C.D. Cal. May 1, 2014) (assigning future rents because "the right to payment may be assigned whether or not the right is conditioned on future developments").

Additionally, the relevant factors support assignment as Judgment Debtor has made no payments towards the judgment and the entire judgment remains outstanding. *See Tanedo*, 2014 WL 12642003, at *3 ("An assignment of the rental income is also 'reasonably necessary to satisfy the judgment,' because no payments have been made.") (quoting Cal. Civ. Proc. Code § 708.510(d)). Further, given Judgment Debtor's failure to make efforts to satisfy the judgment, ordering VRBO to directly pay Assignee of Record the rental income otherwise payable to Judgment Debtor is appropriate and contemplated by § 708.510. *See Linley Invs.*, 2019 WL 1429507, at *2 ("The assignment order contemplated by Section 708.510 includes a court order that assigns a right to payment outright (not simply an order directing the judgment debtor to do so)."). Moreover, VRBO is not precluded from later challenging this assignment. *See Greenbaum*, 782 F. Supp. 2d at 896 ("An assignment order issued pursuant to Section 708.510 'does not make any property assignable that is not already assignable' and accordingly, does not preclude an obligor from later challenging whether the judgment debtor's claims were assignable in the first instance.") (quoting *Kracht v. Perrin, Gartland & Doyle*, 219 Cal. App. 3d 1019, 1021 n. 1 (1990)).

      B.    <u>Amy Montes's Right to Rental Income</u>

Assignee of Record contends that he is also entitled to an order assigning rental income generated by the Subject Property through VRBO that would otherwise be payable to Amy Montes. *See generally Mot.* In support, Assignee of Record cites to California law that provides community property is subject to enforcement of a money judgment. *Mot.* 8:16–9:7. Yet, the plain language of § 708.510 applies only to the judgment debtor, and Assignee of Record provides no authority that supports applying § 708.510 as to a judgment debtor's spouse's right to future payments. *See Lund v. Merrick*, No. G052260, 2017 WL 2953702, at *2 (Cal. Ct. App. July 11, 2017) ("[A] court cannot order someone who is not a judgment debtor to assign a right to payment to a judgment creditor."). Accordingly, Assignee of Record has not established that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-01888 PSG | Date | January 23, 2023 |
|---|---|---|---|
| Title | Craig Cunningham v. Michael Montes, Jr., et al. | | |

an assignment order as to Amy Montes's right to rental income generated by the Subject Property is appropriate.

    C.    General Assignment Order

Assignee of Record also seeks a general assignment order for any and all income streams owed to Judgment Debtor and Amy Montes that Assignee of Record "may discover in the future, and which are now not ascertained." *Id.* at 11:1–22. Although detailed evidentiary support is not required for an assignment order, more than mere speculation is necessary. *See, e.g.*, *Passport Health, Inc. v. Travel Med, Inc.*, No. 2:09-CV-01753-GEB, 2012 WL 1292473, at *4 (E.D. Cal. Apr. 16, 2012) ("Certainly, there needs to be more than just speculation before the remedy of an assignment can be provided.") (quoting *Legal Additions*, 2011 WL 3156724, at *2); *Garden City Boxing Club, Inc. v. Briano*, No. CIVF-06-1270 AWI GSA, 2007 WL 4463264, at *1 (E.D. Cal. Dec. 17, 2007) (denying the request for an assignment order where the request failed to identify any specific source of money to be assigned). Accordingly, Assignee of Record has not established that such a speculative general assignment order with no specified source of money is appropriate.

IV.    Conclusion

For these reasons, Assignee of Record's Motion for Assignment Order of Rental Income is **GRANTED IN PART** and **DENIED IN PART**. Assignee of Record's request for an assignment order as to Judgment Debtor's right to rental income generated by the Subject Property through VRBO is **GRANTED**. Assignee of Record's request for an assignment order as to Amy Montes's right to rental income and issuance of a general, all-encompassing assignment order is **DENIED**. Accordingly, the Court **ORDERS** as follows:

    1.    That the following rights to payment of Judgment Debtor Michael Montes, Jr. be, and hereby are, assigned to Judgment Creditor and Assignee of Record James E. Shelton until such time as the judgment herein is fully satisfied or this Order is amended: all rental income due to Judgment Debtor Michael Montes, Jr. that is generated by the rental of the Subject Property, located 26961 Via La Mirada, San Juan Capistrano, California, through VRBO.

    2.    VRBO shall pay all amounts otherwise due to Judgment Debtor Michael Montes, Jr. as a result of the rental of the Subject Property, located 26961 Via La Mirada, San Juan Capistrano, California, to Judgment Creditor and Assignee of Record

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-01888 PSG | Date | January 23, 2023 |
|---|---|---|---|
| Title | Craig Cunningham v. Michael Montes, Jr., et al. | | |

James E. Shelton to be applied to the judgment herein until such judgment is fully satisfied or this Order is amended.

3. NOTICE IS HEREBY GIVEN that failure to comply with this Order may subject Judgment Debtor Michael Montes, Jr. to being held in contempt of Court.

**IT IS SO ORDERED.**